IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JAMES KELLY, | )<br>) |
| Plaintiff, | )<br>) |
| | ) No. 3:23-cv-00939 |
| v. | )<br>) Chief Judge Crenshaw |
| STATE OF TENNESSEE, TENNESSEE | ) Magistrate Judge Frensley |
| WILDLIFE RESOURCES AGENCY, | ) |
| JASON MAXEDON, Executive Director, | )<br>) |
| Defendants. | ) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

Defendants submit the following Memorandum of Law in Support of their Motion to Dismiss. Defendants deny that they violated Tenn. Code Ann. §§ 50-1-304 and 8-50-116. Nevertheless, Plaintiff's claims as alleged are due to be dismissed.

### FACTS

Defendants are the State of Tennessee, the Tennessee Wildlife Resource Agency ("TWRA")—an agency of the State of Tennessee, and the Executive Director of the TWRA. (Compl., Doc. 1, PageID # 1–2.) Plaintiff alleges claims under state law for violations of Tenn. Code Ann. §§ 50-1-304 and 8-50-116 and asserts diversity jurisdiction. (Compl., Doc. 1, PageID # 2, 18, 21.) Plaintiff seeks monetary damages. (Compl., Doc. 1, PageID # 25.)

### ARGUMENT

**I.    This Court lacks subject matter jurisdiction due to sovereign immunity.**

Plaintiff's claims that Defendants have violated *state* law are barred by sovereign immunity. "[I]t is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law." *Pennhurst State Sch.*

*& Hosp. v. Halderman*, 465 U.S. 89, 106 (1984). Under a motion to dismiss for lack of subject matter jurisdiction, "it is the plaintiff who has the burden of proving jurisdiction." *Rogers v. Stratton Industries, Inc.,* 798 F.2d 913, 915 (6th Cir. 1986).

A State's immunity from suit in federal courts "flows from the nature of sovereignty itself as well as the Tenth and Eleventh Amendments." *S & M Brands, Inc. v. Cooper*, 527 F.3d 500, 507 (6th Cir. 2008) (internal citations omitted). The Eleventh Amendment provides "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const., amend. XI. It is well settled that due to the Eleventh Amendment, "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another state." *Pennhurst State Sch. & Hosp.*, 465 U.S. at 100. The State's "constitutional interest in immunity encompasses not merely *whether* it may be sued, but *where* it may be sued." *Id*. at 99. The immunity extends to suits against state agencies. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).

There are limited exceptions to a State's sovereign immunity: "(a) when the State has consented to suit; (b) when the exception first set forth in *Ex parte Young* [, 209 U.S. 123 (1908),] applies; and (c) when Congress has properly abrogated a State's immunity." *S & M Brands, Inc.*, 527 F.3d at 507. None of the exceptions apply here.

First, the State of Tennessee has not consented to suit. In Tennessee, "[s]uits may be brought against the State in such manner and in such courts as the Legislature may by law direct." Tenn. Const. art. I, § 17. "No court in the state shall have any power, jurisdiction or authority to entertain any suit against the state, or against any officer of the state acting by authority of the state, with a view to reach the state, its treasury, funds or property, and all such suits shall be

dismissed." Tenn. Code Ann. § 20-13-102(a). This statutory provision "also extends impliedly to suits brought in federal court." *Berndt v. State*, 796 F.2d 879, 881 (6th Cir. 1986).

A court's "test for determining whether a State has waived its immunity from federal-court jurisdiction is a stringent one." *Sossamon v. Texas*, 563 U.S. 277, 284 (2011). "A State's consent to suit must be 'unequivocally expressed' in the text of the relevant statute." *Id*. at 285. And "a State's consent to suit in its own courts is not a waiver of its immunity from suit in federal court." *Id*. (citing *College Sav. Bank v. Florida Prepaid Postsecondary Ed. Expense Bd.,* 527 U.S. 666, 676 (1999)). Authorizing a suit against the State "in any court of competent jurisdiction" is similarly insufficient to constitute waiver. *College Sav. Bank*, 527 U.S. at 676 (citing *Kennecott Copper Corp. v. State Tax Comm'n*, 327 U.S. 573, 577–579 (1946)).

For instance, the State of Tennessee has not waived its immunity in federal court for claims brought pursuant to Tenn. Code Ann. § 1-3-121. *Fox v. Faison*, No. 3:22-cv-00691, 2023 WL 2763130, at *11 (M.D. Tenn. Apr. 3, 2023) (Trauger, J.). Although the statute at issue permitted a cause of action against the State of Tennessee, it did not waive sovereign immunity with regard to claims brought in federal court. *Id*. *Accord McLemore v. Gumucio*, No. 3:19-CV-00530, 2020 WL 7129023, at *23 (M.D. Tenn. Dec. 4, 2020) (Richardson, J.), *vacated and remanded on other grounds*, 2023 WL 4080102, at *2 (6th Cir. June 20, 2023) (plaintiffs lacked standing).

Here, the State of Tennessee has not consented to suit on Plaintiff's claims in federal court. There is no express authorization to bring a claim in federal court under Tenn. Code Ann. § 50-1-304 (Count I). And Tenn. Code Ann. § 8-50-116 (Count II) specifies that the plaintiff "may maintain an action in circuit or chancery court . . . against the person or agency or state contractor, or any of them, who committed the violation." Therefore, the first exception is not applicable.

In addition, the second and third exceptions to sovereign immunity are not applicable here.

The *Ex parte Young* exception does not apply because the State of Tennessee is the Defendant and Plaintiff does not request prospective injunctive relief against Executive Director Maxedon. *S & M Brands, Inc.*, 527 F.3d at 507 ("Under the *Ex parte Young* exception, a federal court can issue prospective injunctive and declaratory relief compelling a state official to comply with federal law."). And Congress did not override the State's Eleventh Amendment immunity by providing for diversity jurisdiction under 28 U.S.C. § 1332. *See Pennhurst State Sch. & Hosp.*, 465 U.S. at 121 ("neither pendent jurisdiction nor any other basis of jurisdiction may override the Eleventh Amendment.").

In sum, no exception to sovereign immunity applies. The Eleventh Amendment bars Plaintiff's suit against Defendants.

## II. Plaintiff fails to state a claim against Defendants under Tenn. Code Ann. § 8-50-116.

Tennessee state law allows a state employee to bring a cause of action for alleged violation of Tenn. Code Ann. § 8-50-116(b) in circuit or chancery court. Tenn. Code Ann. § 8-50-116(c). It does not allow for an action to be maintained in federal court. Therefore, Plaintiff fails to state a claim under Tenn. Code Ann. § 8-50-116 upon which relief can be granted.

# CONCLUSION

For the reasons stated, this Court should grant Defendants' motion to dismiss.

Respectfully Submitted,

JONATHAN SKRMETTI
Attorney General and Reporter

s/ Stephanie A. Bergmeyer
Stephanie A. Bergmeyer, BPR # 27096
Senior Assistant Attorney General
Office of Tennessee Attorney General
P.O. Box 20207
Nashville, Tennessee 37202-0207
Stephanie.Bergmeyer@ag.tn.gov
(615) 741-6828

*Attorney for Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of this Memorandum of Law has been served through the e-filing system on October 10, 2023, to:

Thomas William A. Caldwell
Ortale Kelley Law Firm
330 Commerce Street, Suite 110
P.O. Box 198985
Nashville, TN 37201
*Attorneys for Plaintiff*

s/ Stephanie A. Bergmeyer